UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JOSEPH SYLVESTER POE, III,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.  5:23-cv-637-AMM-GMB** |
| ) | |
| **JOHN HAMM,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Plaintiff Joseph Sylvester Poe, III, brought this action under 42 U.S.C. § 1983, alleging violations of his rights under the Constitution or laws of the United States. Doc. 21. The magistrate judge directed defendants Sergeant Jessie White and Officer Robert Glover to file a special report responding to Mr. Poe's allegations. Doc. 33. Sergeant White and Officer Glover submitted a special report, Doc. 38, and Mr. Poe filed a response, Doc. 40. The court construed the special report as a motion for summary judgment. Doc. 39. On December 3, 2025, the magistrate judge entered a report recommending that the court grant the motion. Doc. 41. Mr. Poe filed objections to the report and recommendation on January 2, 2026. Doc. 42.

In his objections, Mr. Poe argues that the magistrate judge "should have requested Limestone Correctional Facility's Policy and Procedures on handling Protective Custody [] inmates which would of [sic] showed how both Sgt. White and

Officer Glover neglected to follow procedures." Doc. 42 at 1. But as the magistrate judge correctly noted, "deliberate indifference describes a state of mind more blameworthy than negligence," *Farmer v. Brennan*, 511 U.S. 825, 835 (1994), and a "[m]erely negligent failure to protect an inmate from attack does not justify liability under [§] 1983," *Goodman v. Kimbrough*, 718 F.3d 1325, 1332 (11th Cir. 2013) (quoting *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990)). Therefore, even if the magistrate judge had requested Limestone's policies on handling protective custody inmates, and the policy showed that the defendants "neglected to follow procedure," this lapse would not be sufficient to establish a violation under 42 U.S.C. § 1983. Therefore, Mr. Poe's objection is **OVERRULED**.

Mr. Poe also objects on the basis that "Officer Glover was also aware Poe had a previous situation with [inmate] Fitt's [sic] a couple of days ago, before this altercation took place . . . [and thus] was aware of the possibility of another altercation and did nothing about it." Doc. 42 at 1. This is the first time that Mr. Poe contends that he had a "previous situation" with Fitts a few days before the incident and that Officer Glover was aware of it. Doc. 42 at 1. In fact, the magistrate judge found that Mr. Poe did not present evidence any evidence that Officer Glover knew that Mr. Poe faced a substantial risk of serious harm from Fitts. Doc. 41 at 11. Here again, although Mr. Poe raises the objection, he does not provide any support for his

2

claim that Officer Glover was aware of a "previous situation" with Fitts. Accordingly, Mr. Poe's objection is **OVERRULED**.

Finally, Mr. Poe objects on grounds that "Sgt. Jason McDowell from I & I, who investigated this incident advised Poe, after viewing the video and reading the statement's [sic] of all parties stated the incident appeared to be a cover-up by the Facility and he was turning this incident over to the State (6-29-22)." Doc. 42 at 1. Like his previous objection, this is the first time Mr. Poe asserts that Sergeant McDowell investigated the incident, told Poe that "the incident appeared to be a cover-up," and referred the incident to the State. Doc. 42 at 1. Previously, the defendants provided the Investigative Report from the Law Enforcement Services Division, signed by Agent Steven Benson. Doc. 38-4. The report reflects that Agent Benson conducted the investigation, interviewed Mr. Poe, read Fitts his Miranda rights, and forwarded the case to the Limestone County District Attorney's Office for prosecution against Fitts. Doc. 38-4 at 2. Agent Benson noted that "no facility video surveillance footage could be acquired because of the location of the incident." Doc. 38-4 at 2. Mr. Poe has not provided any evidence to substantiate his assertion about Sergeant McDowell's investigation and findings and to counter the Investigative Report from Agent Benson. Accordingly, Mr. Poe's objection is **OVERRULED**.

After careful consideration of the record in this case and the magistrate judge's report and objections, the court **ADOPTS** the report and **ACCEPTS** the recommendation. Consistent with that recommendation, the court finds that the defendants' motion for summary judgment is due to be **GRANTED**. A final judgment will be entered.

**DONE** and **ORDERED** this 30th day of January, 2026.

_____
**ANNA M. MANASCO**
UNITED STATES DISTRICT JUDGE